■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMAURIS BAUTISTA, Appellant. [808 NYS2d 647]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered October 23, 2003, convicting defendant, after a jury trial, of gang assault in the first degree, and sentencing him to a term of five years, unanimously affirmed.

Although defendant made a CPL 330.30 (1) motion to set aside the verdict, that motion raised different issues from those raised on appeal, and did not constitute a CPL 330.30 (2) motion to set aside the verdict on the ground of jury misconduct. Accordingly, his present claim of jury misconduct is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would nevertheless find no reason to reverse the conviction or remand for a hearing. According to a

juror's letter to the court, another juror had mentioned to the jury that third-degree assault, which the court had submitted as a lesser included offense, was a misdemeanor and carried only a fine. Defendant claims that this constituted a juror's introduction of information outside the record. However, the gist of defendant's claim is not that the jury considered evidence outside the record in deciding defendant's guilt or innocence, but merely that one or more jurors may have violated the court's instruction not to consider punishment. Therefore, defendant's claim is an impermissible attempt to probe into the jury's deliberative process, and it does not fall under the narrow exception for improper influence (*see People v Maragh*, 94 NY2d 569, 573 [2000]).

The court properly exercised its discretion in denying youthful offender treatment, given that defendant was an active participant in a premeditated and brutal crime. Concur—Buckley, P.J., Friedman, Marlow, Sullivan and Malone, JJ.